Wafaa Mikhail          JUDGE SCHOFIELD
500 Central Avenue
Union City, N.J., 07087

UNITED STATES DISTRICT COURT   **13 CIV 3021**
SOUTHERN DISTRICT OF NEW YORK
_____X_____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK_____x

Todd Wiseberg,
              *Plaintiff*
-against-
                                              Index No.651374/2013
3 West 137 Pharmacy & Medial Supply, Inc.    RECEIVED NYSCEF :04/16/2013
Ronald Vinbaytel, Individually and in his Capacity    Civil Action
as President of 3 West 137 Pharmacy & Medical Supply,
Inc. and Wafaa Mikhail,
            *Defendants*_____x



### NOTICE OF REMOVAL
### 28 U.S.C. §1446 (a)(b)
### TO THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

I, Wafaa Mikhail, is a defendant pro-se, certify and declare under applicable law of penalty of perjury the following:

1. I, Wafaa Mikhail, defendant pro-se , in the above captioned civil action case brought and commenced April 16, 2013 by electronic filing in New York State Supreme Court, County of New York. Pursuant to provisions of Section 1441 and 1446 of Title 28 of the United States Code, removes this action to the United States District Court, Southern District of New York, which is the judicial district in which the action commenced and pending.

2. The ground for removal of this action are submitted herein are consistent with that which plaintiff avoids, evades and eludes and it is submitted the Court may look to other documents outside of the pleadings beyond the complaint and those

1

pertinent and relevant federal documents as hey federal subject matter jurisdiction govern the subject pharmacy and the plaintiff's conduct with regard to the alleged ownership of the pharmacy (cmplt. dated 04/16/2013 ¶9"...entered into an Asset [1]Purchase Agreement..."(includes inventory -"controlled inventory" and cmplt. ¶14. "...plaintiff began to operate the pharmacy..."

Thus the defendant has stated the statutory facts hereinabove and below as various state local practices do not particularize the subject matter as the way that the federal courts do as for example there are quite a few states where marijuana is now legalized for whatever purpose, presently legal, but still a federal subject matter jurisdiction considered a "controlled substance". It is a matter of the Court to determine matters of law. The defendant asks the court to review the complaint as filed not as may later be amended by the plaintiff.

## Diversity of Citizenship in Three States: Florida, New York & New Jersey, Three Domiciled Residences, & Incorporation

a. There is a complete diversity of citizenship between the plaintiff and the defendant[s] in his action because:

● i. Upon information and belief, the grounds , the plaintiff, Todd Wiseberg an attorney-at-law in Florida, resides in and is a citizen of *Florida*, [2](*see* plaintiff's cmplt. dated 04/16/2013 ¶1. (is somewhat vague) but admits

---

[1] Upon information and belief, per USDC SDF case no.09-60824-civ-zloch, it is Mr. Paul Wiseberg in an internet pharmacy ring conspired to possess with intent to distribute controlled substance in violation of 21 USC §841 9a)(1),(b) )(1)(D),& (b)(2). So Mr. Todd Wiseberg's complaint is disarmed by his own familial and domestic connection and by his choice of "real owner" connections and or his choice of "managers" and should not associate with any person engaged in such and should not have allowed them to frequent and or to run and own thru a straw a pharmacy engaged in lawful activity with inventory of controlled substance and misplace frivolous and inaccurate allegations against someone who rejected illegal orders. Mr. Todd Wiseberg must let Paul and Robert finish USDCSDNY ordered supervised parole before mis-utilizing them and filing specious claims in a non-sense complaint, like table with no legs.

[2] Upon information/belief, plaintiff lives at 439 Mulberry Grove Road, Royal Palm Beach, Fl., 33411-4518.

2

"PLAINTIFF Todd Wiseberg is an individual who lives in the State of Florida").

● ii. Defendant pro se Wafaa Mikhail is an individual that is a citizen of the State of *New Jersey,* domiciled at 500 Central Avenue, Union City, N.J., 07087.

● iii Upon information and belief, the other defendant, 3 West 137 Pharmacy & Medial Supply, Inc., organized and incorporated under the laws of the State of *New York* with its principal place of business in N.Y.C., N.Y.S. (*see* cmplt. dated 04/16/2013, ¶2) and Ronald Vinbaytel, individually and in his Capacity as President of 3 West 137 Pharmacy & Medical Supply, Inc.(*see* cmplt.¶3) domiciled and citizen of *New York*. Here the cmplt. is against defendant as individual and corporate entity.

At this moment of removal defendant alleges complete diversity of citizenship between parties or jurisdiction unlikely there is a change at this time of filing.

## Substantive Federal Questions Arise From Plaintiff CmpInt's Evasive Allegations & United States District Court, Southern District of Florida by U.S. District Judges Order re "Real Owner" at Subject Pharmacy:

b. There is a federal questions despite the evasive and avoidance attempt of the plaintiff's complaint:

3. Upon information and belief, it is reasonable to allege that there may be underlying reason why the complaint alleged in coy, elusion, avoidance with equivocation:

●i. Upon information and belief plaintiff alleges in cmplt.¶1: admits "PLAINTIFF Todd Wiseberg is an individual who lives in the State of Florida" but equally, upon information and belief, dodges, equivocates, omits on the four corners of a complaint that he's a Florida licensed attorney. Plaintiff drives or flies over eighteen hundred (1800) miles from Wellington home, Florida to a Harlem pharmacy where he and or his agents, employees, servants and or designees

or as Mr. Todd Wiseberg referred to them as "real owners" and refused to serve homebound underprivileged disabled handicapped minority, customer constituents.

- ii. In plaintiff's specific bald/naked claim alleged in and *see* cmplt.¶15: "As pharmacist defendant, Mikhail, was responsible for ["inventory control"] and for billing *to government entities*."(emphasis added in caps bold and italics)

Upon informed and personal knowledge and according to the rules and regulations of pharmacist governing board, a pharmacist with a working knowledge without going into each and every minutia step the plaintiff 's allegation that defendant, Mikhail is responsible for "inventory control", notwithstanding, the purported allegation categorically denied with no basis with any shred of facts, and allegation is contrary as under supervising pharmacist (not named, not joined, not served) failing that then a full-time pharmacist, per accepted practice of regular and routine customs the facts of "inventory control" of drugs ,"scheduled drugs" and or "controlled substances" in which is under the sole supervision, regulated and monitored by *U.S. Department of Justice* from the medical doctors authorized to dispense an Rx prescription pad that requires a *DEA number* [2] at the bottom of each and every Rx prescription, the "government entities" alleged, stringently avoids, are not corporate entities but *"government agencies"* created by Acts of Congress, the

---

[2] Upon information and belief, for some time, required National Provider Number according to "USDH&H,CMS" 45 CFR Part 102 dated January 23, 2004 is a numeric identifier of 10-position number identifier for a standard check *see "Response"* at p3442 of **Federal Register.**/Vol.69,No.15/Friday, January 2004/Rules and Regulations, required for application for plaintiff's pharmacy required *federally*, it is to replace the DEA number required for prescribing controlled substances or other DEA regulated matters. (*see* A Guide to Opening a ..Pharmacy in New York by Alec Sauchik, Esq. NPI pharmacy enrollment application, NPI Section 1011 provider enrolment application. Federal Register, January 23, 2004 Final Rule 45 CFR Part 62,,update January 25,2008,NPI What You Need to Know, and Yahoo Search NPI p1 dated 5/1/2013 6:48 PM **Exhibit A**)

4

plaintiff avoids, eludes specifics, obfuscates, refers to "gov't entities" alleged to be US Dept. of Health and Human Services, Centers for Medicare and Medicaid (hereinafter "USDH&HS,CMS"), and agencies within US Dept. of Justice among others, regarding subsidized insured payments for Medicaid, among others. These are federal questions, in the main and chief, their province of jurisdiction. En passant, it is familiar grounds to plaintiff's father, Mr. Paul Wiseberg 'one of the real owners', his earlier record (*see* USDC SDF case no. 09-60824-Civ-ZLCH referred to an underlying case No. 07-60027-CR-Zloch[3] (*see* Defendant's Answer Exhibit B). Based upon the above plaintiff's cmplt.¶15 "..inventory control" of "scheduled drugs" and or "controlled substances" preempts from a state court, placed baffled allegations, perhaps poor counsel squarely before a district court, the USDC SDNY.

4. Upon information and belief, in particular, plaintiff, Todd Wiseberg, alleged though *evasively, too broadly absent specific named entities* by Mr. James Edward Gross, Esq, in the complaint as the plaintiff fails to identify generic "tax returns" in plaintiff's cmplt. then defendant must reach and conclude that the subject was 'United States income tax returns' as determinative accounting basis for an alleged contract between a Florida plaintiff and a New York third-party defendant. Hence, defendant Wafaa Mikhail states the plaintiff cmplt. frames federal questions, since 1913 Congressional enactment Internal Revenue Service

---

[3] "..on October 11,2007,Movant Paul Wiseberg pled guilty to Count 1 of the Indictment,…which charged him with conspiring to possess with intent to distribute controlled substances in §841 (a)(1),(b)(1)(D), and (b)(2)…The Court accepted the plea, adjudged him guilty, and later imposed a sentence of 14 months in prison , 2 years of supervised release.." at p2:¶2. This earlier record is relevant and Robert Kabala's earlier USDC record (see Defendant's Answer ¶7d:p7) is equally pertinent to the facts presented to show a whole record before this Court for purposes of Removal.

govern United States income *tax returns* (hereinafter "IRS")a federal question jurisdiction for the Court :

- iii. *see* plaintiff cmplt. dated 04/16/2013, ¶7."In order to induce plaintiff ....shared *certain tax returns* with plaintiff..."

To the degree plaintiff asserts U.S. income *tax returns* in the IRS purview it is a federal question jurisdiction and like wise when asserted *to prescription fill records* as to medication like narcotics "controlled inventory", "controlled substance" prescription fills, it is the US Department of Health and Human Services, Centers for Medicare & Medicaid Services, (hereinafter "USDH&HS,CMS") and US Dept. of Justice, among others and these are federal questions of jurisdiction.

- iv. *see* plaintiff cmplt. dated 04/16/2013, ¶10."plaintiff decision to enter into "the agreement" was largely based on his review of the *tax returns and prescription fill records"*

The plaintiffs allegation of a US income *tax returns* falls into federal questions re IRS and USDH&HSC, CMS, a federal question jurisdiction. The NYSSC courts case laws suggest hesitancy regarding IRS tax returns and CMS is protective re Medicare/Medicaid insured even the most minor request a strong reluctance to provide and reveal any medical records re medical prescriptions and it is vital that federal question gets federal jurisdiction for federal jurisprudence which can facilitate and permit the defendant to gather the evidence to defendant against plaintiff's allegations.

- v. *see* plaintiff cmplt. dated 04/16 /2013,¶11. "Plaintiff relied upon...*tax*

6

*returns* and other records…in reaching his decision to enter the agreement and purchase the pharmacy."

Again, it is alleged a U.S. income tax return which frames a federal question as enters the IRS though intentional evasive and elusive allegations.

vi .*See* Plaintiff's complaint allegations ¶¶17, 18,19 respectively the language asserted infers an employer employee relationship though plaintiff is not familiar with all phases of "The Fair Stadanrds Act (FLSA) and its applicability but recites plaintiff's version as verified under penalty of law:
- ¶17. "…During the months, October 2012 through February ,while defendant Mikhail was *employed* by plaintiff…"
- ¶18. "…On or about March 2, 2013 defedant Wafaa Mikahil *resigned her position…*"
- ¶19. "…*upon departure* of defendant Mikhail…"

Upon information and belief, defendant did not mis-recite the plaintiff's recital under oath and looks to the court to discern if the matters of law this invokes allegations of FLSA and hat the defendant's conduct is protected under law regarding plaintiff's alleged RETALIATON by Paul Wiseberg and Robert Kalaba for not carrying out illegal orders. While the statute is not cited th allegatons are framed upon the four corners of the page. Then before the Court were what payments were made to other employees in terms of severance if any, how many employees employed, will the plaintiff fully reveal such, does the defendant have a conmpensatory right to plaintiff's retaliatory damages for refusing repeatedly "illegal order[s]".The issues whether federal questions of jurisdiction arise are before the disctrict court, as matter of law and can not be fully vetted till discovery because of the elusiveness of avoidance by a very skilled adversary's complaint

7

pleading.

- viii. *see* plaintiff cmplt. dated 04/16/2013, ¶20. "It is clear from the prescription drop off...that the figures in the defendant 3 West's *tax returns* were false...and misrepresentation....all of which were relied upon by plaintiff...false"

Upon information and belief, defendant, Wafaa Mikhail avers it is a federal question inasmuch as IRS governs U.S. income tax returns are federal jurisdiction; and doubtless that allegation is about unmentioned municipality or state returns. The plaintiff used *tax return*[s] plural so that could include all city, state and federal. Defendant never discussed, saw, touched or consulted with either party plaintiff or other third party defendant's tax returns ever. As well the plaintiff will have to uncover all of his tax returns.

- ix. *see* plaintiff cmplt. dated, 04/16/2013, ¶24. "Paragraph 4b of "the agreement" requires.. ..... plaintiff apply for and receive a *Medicaid Provider Number* so that the *new owners* of the pharmacy are eligible to receive payments for prescriptions filled under the Medicaid program." (italics and quotes for emphasis)

With the above penultimate statement in the complaint the plaintiff, accuser has accused himself, pointed his own finger at himself, placed this case before the a district court as he originated federal questions re Medicaid Provider Number, inter alia, and he defendant has a right and entitled to due process utilize every tool in the district court o discover all details of the failure to defendant against the complaint.

- x. Likewise *see* plaintiff cmplt. dated 04/16/2013 ¶25. "Plaintiffs efforts to secure *this number* ...unsuccessful.."

8

- xi. *see* **plaintiff cmplt. dated 04/16/2013 ¶26. "plaintiff having not obtained a** *Medicaid provider number.....*"

**In furtherance the Medicaid Provider Number and or National Provider Number is re-alleged in plaintiff cmplt. dated 04/16/2013¶¶ 23,24,25. 27,31,35,are 36 are related to and or are the subsequent consequences of failures to get the Medicaid Provider Number substantially it is really the National Provider Number. Only, federal discovery as to the issue swill tell the story. Here, obviously defendant Wafaa Mikhail avers plaintiff avoids** *Medicare* **Provider number, National Provider Number and DEA Number, inter alia, each is required and the defendant, Wafaa Mikhail is not responsible for the plaintiff's failures to get such National Provide Numbers,**

**in sum the plaintiff allegations evasive. Defendant, never touched the "agreement"; and it's an admission, apparent that there is other "***new owners***"[5] (***see* **above "vi.") beside the plaintiff, (subject to implead) but most important is the federal question jurisdiction under CMS. And perhaps the plaintiff is evasive that it is a "National Provider Number" (***see* **Exhibit A re Alec Sauchik Esq. Application Process at p2/4 Post-Registration Issues re** *National Provider Identifier* **at p3/4) but even if it is "Medicaid/Medicaid Number" it is a federal question jurisdiction that may only be**

---

[5] Upon information and belief, plaintiff Todd Wiseberg is a straw for Messers Paul Wiseberg and Robert Kalaba. According to USA v Robert Kalaba case number 05 Cr. 680 (CLB) USM Number 49049-054 Mr. Kalaba pled guilty for conspiracy to commit and device fraud, sentenced to serve in federal correction facility, Pensacola, Florida for 70 months, presently under supervised release of a federal probation officer Plaintiff Todd Wiseberg If he really sweated about inventory control of scheduled drugs and controlled substances would not have had at the subject pharmacy Mr. Paul Wiseberg who pled guilty for controlled substances also convicted. Mr .Todd Wiseberg would not have allowed a convicted controlled substance violator (Paul Wiseberg his father) in the pharmacy around controlled drugs or fraudster near the cash box or "**began to operate the pharmacy**"(see cmplt.¶14) plaintiff should not have allowed Paul Wiseberg and Robert Kalaba on *supervised release* near controlled substances "at the pharmacy Mr. Kalaba is required to give restitution close to a quarter of a million $222,388.69 US.Dollars. Mr Todd Wiseberg an attorney at law in Florida, also an officer of the court, should be familiar with consequences of frivolous, fraudulent complaints. A true and correct copy **Exhibit D USDC SDNY certified copy of final judgment against Robert Kalaba.**

9

yielded thru the CMS under the USDH&H. Regardless of could be, should be and would be, it is alleged despite evasive allegations to elude obvious federal questions of jurisdiction it is part of the application, defendant entitled to get full discovery and properly heard before a district court. The plaintiffs principal claim for relief concerns subject matter jurisdiction and diversity of citizenship that weighs heavily towards federal question jurisdiction. And plaintiff is asserting the right to recover for this on the basis cited above. The proper forum is the USDCSDNY and the due process clause of the United States Constitution.

Upon information and belief, plaintiff egregiously erred joining this defendant who was never privy or part of the four corners of any terms of the contract "the agreement" between plaintiff and third party defendant individually and corporate entity.

**Plaintiff's Cmplt. dated 04/16/2013, USDC SDNY Threshold Amount of Controversy & Costs, Defendant's Damages Is Plaintiff Money Demand Impact to Her Pharmacy License, Credit Report, Future Housing Accommodations, Employment & Potential to Get a Loan Mortgage, Good Name, Family Name, Repute and Character, Among Others Plaintiff's Fraud is Alleged Based Upon Contract (see defendant Wafaa Mikhail Verified Answer)**

c. Plaintiff's complaint ¶12. and award sought is in excess of $100,000.

5. Upon information and belief the plaintiff seeks to recover cmplt.¶12 "...down payment of $75,000...inventory $113,000...balance of $183,000..." It is respectfully submitted, in determining the amount in controversy for purposes of establishing jurisdiction upon removal in this case where the plaintiff alleged in the body of the complaint: page 3: ¶12 but leaves the amount blank in the prayer of the complaint: page 7: "WHERFORE" clause. Thus I ask the Court to look,

10

examine and weigh the above plaintiff's alleged amounts of controversy or make an independent evaluation of the monetary claim.

The contoversy herein is more than $100,000, exclusive of interest and costs ,is in controversy that meets the federal jurisdiction standard.

Finally , the defendant Wafaa Mikhail is further informed and believes that some of the persons the plaintiff Todd Wiseberg brought into the pharmacy are subject of USDC SDF and USDC SDNY orders and the defendant is in process of acquiring such for other party.

It is respectfully submitted all plaintiff's allegations against defendant Wafaa Mikhail is a SHAM. The defendant deceitfully joined by plaintiff to discredit her observations at the subject pharmacy, plaintiff failed to make clear intentionally or inadvertently the claim for relief is essentially federal, though attempts to forum shop and elect otherwise. To the best of defendants information and belief, clearly and materially the facts speak for themselves in the defendant's answer, discloses a different record as a whole with earlier indicia re an internet pharmacy scheme by plaintiff's father Mr. Paul Wiseberg (defendant answer Exhibit A USDCSDF #09-60824-civ-zloch) which *then* shows a complaint drawn up to shut up the defendant absent any defendant Wafaa Mikhail promise which is not enforceable as lacks and missing sufficiency certain and specific in its material terms so that anyone can determine what was promised. Instead, defendant Wafaa Mikhail was threatened repeatedly with muscle and mayhem and thereafter continued post termination for not following illegal orders. The court would have had original jurisdiction of this action under provision of 28 USC §1332 if the action had been brought in federal

11

court. No matter this is a question of law that is alleged is a federal subject matter jurisdiction re plaintiff cmplt.¶15. "...defendant Mikhail was responsible for inventory control.." as to the full meaning of "controlled substances" and or "controlled inventory". In order to properly address the subject matter and to clear the air with due process, most importantly in the interest of justice, Removal is, therefore, proper under 28 USC §1441 (a).

6. Removal of this case on the basis of diversity of citizenship is not precluded by the provision of Section 1441 (b) of the United States Code. It is respectfully submitted that per USDC SDNY Local Rule 81.1(a) facts of citizenship for each and every party admitted by plaintiff's complaint dated 04/16/2013 verified by James Edward Gross, Esq. as true upon information and belief, in this Notice of Removal are properly alleged. This Notice of Removal is timely filed within 30 days of alleged process receipt. Here the Court may consider facts disclosed on the record as a whole in determining the propriety of removal which weighs in favor of defendant. Words[6] escape the defendant for ways to describe the plaintiff Todd Wiseberg's filing of the instant complaint, dated 04/16/2013 like his father he can whitewash.

7. All state-court papers served on the defendant at the time of removal, consisting of certified and transcript by County of Clerk and Clerk of the Supreme Court after payment of fees Notice of Removal *see* Exhibits 1.Document list, 2. summons, 3.supplemental summons, 4. supplemental summons, 5.complaint and no service affidavit on the state court record of 5/2/2013: 2:28PM are attached.

---

[6]To paraphrase USDSJ William, J.Zloch's words :p3 :¶3:line1Order re P.Wiseberg *see* **Answer Exhibit B**

Dated New York New York
    May 2, 2013

*Wafaa Mikhail*
_____
**Wafaa Mikhail**
Defendant Pro-se
500 Central Avenue,
Union City NJ 07087


To : Mr. James Edward Gross
    Attorney for Plaintiff Todd Wiseberg
    Law Offices of James Edward Gross
    90 State Street, Suite 700
    Albany, New York, 12207
    518- 591-4643

To: Mr. Robert A. Straniere, Esq.
    Attorney for Defendant
3 West 137 Pharmacy & Medial Supply, Inc.,
Ronald Vinbaytel, Individually and as President
of 3 West 137 Pharmacy & Medical Supply,Inc.
    300 East 57 St.
    N.Y.C., N.Y., 10022